## UNITED STATES of America
### v.
### Harry Eugene REID and William Cecil Taylor, Defendants.
### No. 67 Cr 515.

United States District Court
N. D. Illinois, E. D.
Nov. 20, 1967.

Edward V. Hanrahan, U. S. Atty., John M. Connery, Asst. U. S. Atty., for the government.

Antonio Gassaway, Chicago, Ill., for defendant Harry Reid.

Jerome Rotenberg, Chicago, Ill., for defendant William Taylor.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Defendant Taylor's Pretrial Motions

This is a three count indictment. Count I charges Harry Eugene Reid with unlawfully selling, delivering and disposing of certain "depressant or stimulant" drugs, in violation of 21 U.S.C. Sec. 331(q) (2), to Stephen R. Mitchell, on or about April 15, 1967, at Calumet City, Illinois. Counts II and III charge Reid and defendant William Cecil Taylor with selling similar drugs to Mitchell at Calumet City on two other occasions, on or about June 12, 1967, and on or about August 21, 1967.

Defendant Taylor has tendered certain pretrial motions. The Government has no apparent objection to allowing a severance as to Counts II and III since it has not responded to that part of the motion. Thus Count I is severed from Counts II and III for trial.

Taylor has also moved to discover:

"All written or recorded statements or confessions made by this defendant, or the co-defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government. This request also pertains to any and all statements made by this defendant or the co-defendant to any and all employees or agents of the Government while working in an undercover capacity."

Under Rule 16(a) (1) of the Federal Rules of Criminal Procedure, as amended in 1966, defendants are essentially permitted to copy or inspect any of their "written or recorded statements or confessions" within the Government's possession, if the Court so allows. The Government admits that the defendant made certain oral statements to agents of the Bureau of Drug Abuse Control, which were incorporated in their case report. But it claims that such information is not a statement of the defendant as defined by Rule 16. It argues that the report of such interview is a memorandum based upon the agent's recollection and notes taken at the time of the interview, and constitutes an internal Government document unavailable to defendant under the express language of Rule 16. We disagree for the reasons stated in our opinion of May 3, 1967, in United States v. Morrison, D.C., 43 F.R.D. 516. Defendant in that case sought agents' reports containing summaries of her oral statements. We hereby adopt the following language from that opinion, as binding herein, and dispositive of this phase of defendant's motion: We said

"We believe, however, that the spirit of Rule 16(a) (1) could easily be evaded if the government were able to conceal these reports from the defendant. Rule 16 was designed to liberalize the courts' powers in regard to the grant of pre-trial discovery. Were we to deny a request for this material, we can foresee the day when government agents would make it their practice to summarize their interviews, rather than recording them verbatim, in an effort to avoid discovery. The philosophy underlying Rule 16, in our judgment, applies equally to verbatim statements and summaries thereof. Therefore, we direct the government to produce the summaries of defendant's statements in its possession, custody or control. At the request of the defendant this court has, in camera, inspected the Government's file and finds that the summaries of defendant's statements contained therein are not protected from discovery."

However, the defendant is not entitled, at this time, to the Government's reports of interviews with his co-defendant. United States v. Baker, 262 F.Supp. 657,

672 (D.D.C.1966); United States v. Bailey, 262 F.Supp. 331, 332 (D.Kan.1967).

Taylor further requests "all books, papers, documents and tangible objects, or copies or portions thereof, within the possession of the Government, which the Government intends to rely upon to support the allegations of the indictment."

The Government agrees to allow defendant to inspect the drugs set forth in the indictment, and requests the Court to provide adequate safeguards and supervision of such inspection, and to order the defendant to stipulate concerning any chain of evidence possibly being broken by such inspection. Unless the Government suggests some specific safeguards, which it deems necessary as to the inspections, we will not impose any, other then the inspection be made in the presence of a government agent.

■ Insofar as it wishes to preserve its proof as to the chain of custody, or as to the physical preservation of the drugs in question, it is only reasonable for defendant to stipulate as to the changes of custody, or changes in physical preservation which occur at or pursuant to the inspection. Such a stipulation would not sacrifice any of defendant's rights, and would obviate the need to call routine foundation witnesses at trial. Should the defendant fail to agree to stipulate to anything reasonable proposed by the Government in that regard, it shall not be allowed to inspect the drugs.

■ Finally, the Government objects to defendant's request for discovery of documents to be used in proving the charges in the indictment, on the grounds that said request is vague and unspecific, and that the defendant has not made a showing of "materiality" or "reasonableness" as required by Rule 16(b). However, the cases cited by the Government which require a specific showing that the items sought are material, were decided prior to the enactment of Rule 16 (b), in 1966. It is true that defendant's request is unspecific. But the requested items are clearly material to his defense since they are limited to those upon "which the Government intends to rely * * * to support the allegations of the indictment." See Rezneck, The New Federal Rules of Criminal Procedure, 54 Geo. L.J. 1276, 1278–80 (1966). Indeed, the Advisory Committee recognized that "specific designation" of items is not required under Rule 16(b). This is obviously so, as the Georgetown article points out, because "it may be difficult to demonstrate the materiality of what has not yet been seen."

Thus we think the defendant should be afforded access to the documents, papers, and tangible objects which the Government intends to introduce into evidence at trial. In an appropriate case, this procedure could be not only beneficial to the defendant, but also to the court by streamlining the litigation in producing timesaving stipulations of fact between the parties, and indeed perhaps making a trial unnecessary by pointing out to the defendant the enormity of the Government's case against him.

■ However, we wish also to prevent prejudice to the Government in adequately preparing its case, and electing which documentary evidence it intends to rely upon at trial. The solution which we propose it for the Government to turn over to defendant copies of documents which it intends to use at trial, or allow inspection thereof, not less than 30 days prior to the date set for trial herein. That should be sufficient time for defendant's counsel to effectively utilize such information in preparing his defense and at the same time afford the Government adequate opportunity to elect the documentary evidence upon which it intends to rely.

We stress that *in the circumstances of this case* this procedure appears to have merit to the court, and that defendant's request for discovery sought information both material to his defense and within the Government's capacity to reasonably provide.