**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Musa F. ISA, Defendant-Appellant.**

**No. 16378.**

United States Court of Appeals Seventh Circuit.

July 16, 1969.

Daniel A. Becco, Walter F. Moses, Jr., Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.   D. Ar-

thur Connelly, Michael B. Nash, Robert J. Krajcir, Asst. U. S. Attys., of counsel.

Before MAJOR, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

MAJOR, Senior Circuit Judge.

Defendant was charged in a one-count indictment with a violation of Title 18 U.S.C.A. Sec. 201(b), by corruptly giving, offering and promising the sum of two hundred dollars to Eugene Robinson, an Internal Revenue agent, with intent to influence his decision on matters then pending before him in his official capacity, with intent to influence him to allow and make opportunity for commission of a fraud on the United States, and to induce him to violate his lawful duty, all in respect to defendant's tax liability.

Defendant was tried to the court without a jury and found guilty. From the judgment entered thereon, he appeals to this court.

We see no point in making a detailed statement of the evidence inasmuch as only issues of law are raised on this appeal. We think it sufficient to state that Robinson was assigned to make an examination of defendant's income tax returns, and for that purpose met and conversed with him on several occasions. At one of their meetings defendant gave Robinson two hundred dollars and two bottles of Scotch whiskey in a briefcase. According to the government's theory, supported by the testimony of Robinson, this was for the purpose of influencing him in his official capacity. Defendant admitted making the gifts but offered an explanation which, if it had been credited, would have exculpated him from criminal responsibility.

Tape recordings of conversations between Robinson and defendant were made without the latter's knowledge and, over objection, were introduced in evidence at the trial. Robinson consented to have the conversations recorded and, together with two other government agents who overheard them, was permitted to testify as to what was said.

One tape recording was of a telephone conversation which related to the making of an appointment for Robinson to visit defendant at his place of business, and the other was a conversation at the pre-arranged meeting, when defendant made the payment to Robinson.

Defendant here in his original brief, filed November 14, 1967, stated the contested issues as follows:

"1. Was the Court's denial of defendant's several motions made pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure for production of two tape recordings of conversations of defendant with the Internal Revenue Agent, made without defendant's knowledge, prejudicial and reversible error?

"2. Were the Court's rulings excluding all evidence showing defendant's actual non-liability for taxes during the years in question, prejudicial and reversible error?"

On April 11, 1968, defendant with leave of this court filed a supplemental brief in which he raised the following issue:

"Whether the admission into evidence over objections of tape recordings made without defendant's knowledge by means of a microphone hidden on the body of a Government Agent's person was reversible error since it denied defendant's rights under the 4th Amendment to the Constitution of the United States of America."

Defendant's contention on this issue is based in the main on a decision of this court in United States v. White, 405 F.2d 838, now pending before the Supreme Court on petition for certiorari filed by the government and granted April 7, 1969, 394 U.S. 957, 89 S.Ct. 1305, 22 L.Ed.2d 559. All issues argued here by defendant were appropriately raised in the district court and ruled on adversely to defendant. The court gave no reason for its ruling, merely stating, "All the motions made at this time by counsel for the defendant are denied."

Rule 16, entitled "Discovery and Inspection," provides:

"(a) Defendant's Statements; Reports of Examinations and Tests; Defendant's Grand Jury Testimony. Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, (2) results of reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and (3) recorded testimony of the defendant before a grand jury."

The government on brief argues that under Subdivision (a) (1), "statements" are limited to written or recorded recitals of past occurrences made by defendant to government agents and, in any event, "The defendant failed to show any need or special circumstance requiring production or any prejudice from the lack thereof," and, therefore, there was no abuse of discretion in the court's denial of the defendant's motion for disclosure.

The rule has been the subject of much controversy, particularly in district courts, as is evidenced by the many cases called to our attention, too numerous to cite, much less discuss. A study of such cases leads us to the view that the weight of authority is opposed to the government's contention.

The notes of the Advisory Committee are pertinent. As to (a) (1), the provision here in dispute, the court is authorized to permit the defendant to inspect and copy:

"Relevant written or recorded statements or confessions made by the defendant, or copies thereof. The defendant is not required to designate because he may not always be aware that his statements or confessions are being recorded. The government's obligation is limited to production of such statements as are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. Discovery of statements and confessions is in line with what the Supreme Court has described as the 'better practice' (Cicenia v. LaGay, 357 U.S. 504, 511, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958)) * * *. [Citing many cases.]"

The plain, unambiguous language of (a) (1) makes it difficult to comprehend why there is so much contrariety of views as to its meaning. Reduced to simple form, it provides that the court may order the government to produce any relevant recorded statement made by a defendant, within the possession of the government. If the rulemakers had intended that the provision be applicable only to a recital of "past occurrences" or dependent upon "a showing of need," they could have readily so stated. That the omission of such requirements was not an oversight is emphasized by Subdivision (b) of the same rule, which relates to "Other Books, Papers, Documents, Tangible Objects or Places," and which makes production dependent "upon a showing of materiality to the preparation of his defense and that the request is reasonable."

Barron and Holtzoff, Federal Practice and Procedure, Volume 4, Sec. 2033 (1966 Supplement) analyzes the rule as follows:

"Rule 16, as amended in 1966, divides discovery by the defendant into two classes, described in subdivisions (a) and (b). The only apparent reason for dividing these provisions is the showing required of defendant. Rule 16(a) says that 'upon motion of

a defendant the court may order' discovery of materials there listed. Rule 16(b) says that 'upon motion of a defendant the court may order' discovery of materials there listed 'upon a showing of materiality to the preparation of his defense and that the request is reasonable.' Since a specified showing is required under (b), but not under (a), the plain inference is that no showing is required for discovery under (a), and that while that subdivision is cast in discretionary terms it gives the defendant 'virtually an absolute right' to discovery of the materials there listed. The nature of the materials covered by subdivision (a), and the strong interest of the defendant in having access to them, justifies such discovery as a matter of right."

In United States v. Federman, 41 F.R.D. 339 (S.D.N.Y.), after pointing out that 16(a) contained no requirement that the defendant show cause while such requirement was contained in 16(b), the court stated:

"We construe Rule 16(a) as giving defendant almost automatic right to his written or recorded statements or confessions. [Citing cases.] The discretion Rule 16(a) vests in the court, however, allows the Government to show some special circumstances precluding the release of all or part of the written or recorded statement."

(The court evidently had in mind Subdivision (e), subsequently discussed, which permits the government to make such showing.)

In support of its argument that the court did not abuse its discretion since the defendant failed to show any need or special circumstance requiring production of his recorded statements, the government cites and quotes at great length from an opinion by Judge Mansfield of the Southern District of New York in United States v. Louis Carreau, Inc., 42 F.R.D. 408 (D.C.S.D.N.Y.1967). The government's reliance on this case is much impaired by a later 20-page opinion by Judge Frankel of the same court, in which he discussed in great detail the history of the rule and the reason for its adoption, with a review of many cases of that and other jurisdictions. United States v. Irving Projansky, 44 F.R.D. 550, (S.D.N.Y.1968). He pointed out that three judges of that court, including Judge Mansfield, have sustained the government's contention but that seven judges have rejected the view that the defendant must show "good cause." In reviewing the history of the rule he noted that the rule as originally proposed contained a "requirement of reasonableness," which was eliminated in the rule as adopted. As to this he stated:

"It would be difficult to discover more cogent evidence that the erasure of any such requirements for the things now covered by 16(a) was a deliberate, carefully tailored and substantially meaningful change. * * * What has been reviewed seems sufficient for the conclusion that when he demands 'good cause' or 'particularized need' or the like under Rule 16(a), the prosecutor seeks to read back in restrictions which were purposely and studiedly eliminated."

Judge Frankel disposed of the point that the court has discretionary power under Rule 16(a), which says it "may" (not "shall") order discovery, in such a logical fashion that we think it worth repeating. He stated:

"But the point, with deference to the authority of those it has impressed, seems unsubstantial. The old Rule also said 'may,' and then went on to require a 'showing' by the defendant (a pattern retained in present subsection (b)). When the latter aspect was excised, it strains words unbearably to say the meaning is unchanged because the former was retained. And the retention of 'may' makes perfect sense without any such torture. Discovery under 16(a) is not routine and inescapable. The Rule elsewhere, see subsection (e), reminds us of a potential need for exceptions, protective orders, and the exercise of judgment. All this is taken into account, and the

measure of judicial discretion amply respected, if we acknowledge that *the Government* may show particularized justifications for withholding what is otherwise to be given under Rule 16 (a). But it is wholly different, and wholly unsupportable, to say the Government may sit back, invoke the old generalities, and conceal from the defendant his own damaging statements and testimony unless the defendant shows some kind of 'particularized need' almost never identified by the prosecution because it is almost never possible to imagine, let alone supply."

Subdivision (e) of the rule, entitled "Protective Orders," provides:

"Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted or deferred, or make such other order as is appropriate. Upon motion by the government the court may permit the government to make such showing, in whole or in part, in the form of a written statement to be inspected by the court *in camera.* * * * "

The notes of the Advisory Committee relative to this subdivision state:

"This subdivision gives the court authority to deny, restrict or defer discovery upon a sufficient showing. Control of the abuses of discovery is necessary if it is to be expanded in the fashion proposed in subdivisions (a) and (b). * * * "

█ In our view, this subdivision clearly reveals that any showing authorizing the court to deny, restrict or defer discovery or inspection must be made by the government. It is only upon such a showing that there is lodged in a court the discretion to allow or deny a defendant's motion under (a) (1). More bluntly stated, a defendant has the right to an order permitting him to inspect his own written or recorded statements or confessions in the custody of the government, absent a showing by the government under Subdivision (e). It

is then that the court is vested with discretion to allow or reject defendant's motion.

Any other interpretation not only runs afoul of the purpose of the rule but may result in unfairness to a defendant. For instance, in the instant case agent Robinson, the main witness for the government, had access to defendant's recorded statements and reviewed them on numerous occasions prior to his testimony. No reason is discernible to us why the defendant or his counsel should not have been accorded the same privilege.

Two courts of this jurisdiction in well written opinions have considered the discovery and inspection rule, Judge Lynch in United States v. Iovinelli, 276 F.Supp. 629, and Judge Marovitz in United States v. Lubomski, 277 F.Supp. 713. In both cases prosecutions were brought under the same section of the statute as here involved and both were cited with approval by Judge Frankel of the New York District Court.

Judge Marovitz in Lubomski made the pertinent observation (page 721):

"Disclosure to the defendant of his statements not only accords with basic fairness, but does much to reduce surprise as a factor in federal criminal trials. Recordings of incriminating conversations are potentially more damaging to criminal defendants than even direct oral or written confessions of guilt. Especially is this true in a bribery case, for a recording could well contain a verbal transcription of the commission of the alleged crime itself. Inspection of such recordings is absolutely necessary to criminal defendants in order to enable them to properly prepare their defenses. This type of disclosure in advance of trial could very well result in making a trial unnecessary by a plea of guilty."

█ In Iovinelli, the government, relying on our decision in United States v. Sopher, 7 Cir., 362 F.2d 523, contended, as it does here, that "statements" in (a) (1) referred only to past occur-

rences. Our decision in *Sopher* involved Title 18 U.S.C.A. Sec. 3500, and not the discovery and inspection rule. Judge Lynch in his opinion (276 F.Supp. page 630) discussed the contention at some length and concluded that *Sopher* was not applicable. Judge Marovitz in *Lubomski* considered the same contention (277 F.Supp. page 720), quoted with approval from Judge Lynch's opinion and reached the same conclusion. We hold that *Sopher* is not in point and that the government's contention is without merit.

In résumé, we reject the government's contentions (1) that statements or confessions under (a) (1) are limited to recitals of past occurrences, and (2) that defendant was required to show a need or special circumstance requiring production. The rejection of these contentions is dispositive of the government's contention that in any event there was no abuse of the court's discretion. The court gave no reason for its denial of defendant's motion to produce, but it is fair to assume that such denial resulted from following the government's erroneous interpretation of the rule. Thus, there is no showing that the court exercised any discretion and any issue relative thereto is mooted. The court's denial of defendant's motion to produce was erroneous and requires a reversal of the judgment.

Such being our conclusion, we see no good reason, certainly no necessity, to consider other issues raised on this appeal. Particularly is this so as to the contention advanced in defendant's supplemental brief that under the Fourth Amendment to the Constitution his rights were violated. His contention on this point largely rests upon our decision in United States v. White, *supra*. It is likely that the issue will be solved by the Supreme Court; in any event, we leave it open for future consideration.

For the reasons stated, the judgment appealed from is reversed and the cause remanded.