**UNITED STATES of America,
Appellee,**

v.

**Earl Thomas COLE, Appellant.**

**No. 71–1010.**

United States Court of Appeals,
Eighth Circuit.

Jan. 18, 1972.

Gary E. Haggerty, Legal Aid & Defender Society of Greater Kansas City, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

The defendant, Earl Thomas Cole (Cole), was found guilty under 18 U.S. C. §§ 2, 2113(a), and 2113(d) of willfully aiding and abetting the robbery of the Empire State Bank of Kansas, City, Missouri, and under 18 U.S.C. § 371 of conspiring to commit the same offense. We affirm the judgment of conviction as to both counts.

This case is a companion case to United States v. Kelton, 446 F.2d 669 (8th Cir. 1971). In that case, the conviction of Hilton Jerry Kelton (Jerry), one of the alleged co-conspirators and the only one who was tried with Cole, was reversed because the evidence was insufficient to show that Jerry engaged in any affirmative conduct in furtherance of the crime. At least one of the other alleged co-conspirators, Daris White (White), was convicted of the same crime in a separate trial, and that conviction was affirmed by this Court. United States v. White, 451 F.2d 351 (8th Cir. 1971). Another of the alleged co-conspirators, Milton Terry Kelton (Terry), pleaded guilty to the same charge.

The Empire State Bank of Kansas City, Missouri was robbed at 1:55 p. m. on July 29, 1970 by three armed youths. These youths were captured shortly after the robbery in a stolen car which an employee of the bank identified as the one in which they fled the robbery scene. These three young men admitted the robbery and testified at the trial of Cole and Jerry that they had been recruited for the job by Cole and White, and that the guns and the instructions as to how to accomplish the robbery were furnished by Cole, White, Terry, and others.

After receiving their instructions and after the car to be used had been stolen by one of the three boys, Terry, and possibly Cole, the three boys and at least two of the others drove in separate cars to the bank where the three boys committed the robbery. After the robbery, the three boys departed the scene in the stolen car, threw the money into another car driven by an unidentified co-conspirator, and were then apprehended.

On this appeal, counsel for Cole does not question the sufficiency of the evidence as to Cole, but poses the following questions for determination by this Court:

1. Whether it was error for the trial court to refuse to grant pretrial discovery and inspection of material in preparation of the defense.

2. Whether it was error for the court to instruct that reasonable doubt was a substantial doubt.

3. Whether it was error to fail to instruct the jury as to alibi when defendant had requested same and there was evidence thereof.

4. Whether it was error to fail to instruct the jury on the issue of identification when defendant requested same and identification was an issue.

5. Whether it was error to fail to instruct the jury on prior inconsistent statements of government witnesses when defendant requested same and prior inconsistent statements were shown.

6. Whether the court's comments on the evidence during the charge prejudiced appellant.

## I. DENIAL OF PRETRIAL DISCOVERY

Four days prior to the trial, Cole moved for an order under Rule 16(b) of the Federal Rules of Criminal Procedure requiring the Government to permit the defendant to:

"1. Inspect and copy or photograph any and all photographs, documents, notes, and related materials utilized by the United States in various identification and line-up procedures focused upon the defendant and to furnish the names of all witnesses viewing line-ups and photographs from the date of the alleged offense to and including the date of the filing of this motion.

2. Inspect and copy or photograph the statements of any witnesses the Government does not propose to call.

3. Inspect and copy or photograph the statements of all co-defendants and co-conspirators charged in the Indictment."

This motion was apparently overruled the first day of the trial. The motion was timely filed inasmuch as counsel for Cole had been notified of his appointment only three days prior to filing the motion.

■■ The law of this Circuit is well established that "[a]n application for relief under the discovery rules . . . is a matter within the sound discretion of the district court and is reviewable only for an abuse of discretion." Hemphill v. United States, 392 F.2d 45, 48 (8th Cir.), cert. denied, 393 U.S. 877, 89 S.Ct. 176, 21 L. Ed.2d 149 (1968) and quoted in United States v. Hamilton, 452 F.2d 472 (8th Cir. 1971); and an error in administering the discovery rules is not reversible absent a showing that the error was prejudicial to the substantial rights of the defendant. Meyer v. United States, 396 F.2d 279, 283 (8th Cir. 1968), cert.

denied sub nom Dugger v. United States, 393 U.S. 1017, 89 S.Ct. 621, 21 L.Ed.2d 561; Hansen v. United States, 393 F.2d 763, 770 (8th Cir. 1968), and Hemphill v. United States, *supra.* *Accord,* United States v. Saitta, 443 F.2d 830, 831 (5th Cir. 1971) (appeal pending).

■ Cole claims that he needed to inspect and copy or photograph the photos and other materials used in the lineup procedures to show that the three boys had viewed Cole in a lineup and had not identified him. However, this was brought out fully at the trial. Two of the three boys identified Cole in the courtroom and said they hadn't identified him in the lineup because they "didn't want to." The third boy identified Cole from a picture but indicated in court that Cole did not look like this picture and refused to positively identify him in court. Cole simply does not show how the denial of the lineup photos and other materials resulted in any prejudice to his defense. Their production could have produced no greater revelation than that which occurred at trial.

■ As to Cole's request concerning the "names of all witnesses viewing lineups and photographs," it is well established that the Government is not required in non-capital cases to furnish the names of its witnesses. United States v. Cole, 449 F.2d 194, 198 (8th Cir. 1971); United States v. Harflinger, 436 F.2d 928, 936 (8th Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971); Spinelli v. United States, 382 F.2d 871, 889 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Ray v. United States, 367 F.2d 258, 263 n.5 (8th Cir.), cert. denied, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1966); Dean v. United States, 265 F.2d 544, 547 (8th Cir. 1959).

■ The request for "the statements of any witnesses the government does not propose to call" was recently dealt with by this Court in United States v. Hamilton, *supra:*

> "The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at the trial, but the identity of witnesses is information 'the government is not normally required to supply . . . to the criminal defendant.' Spinelli v. United States, 382 F.2d 871, 889 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968)."

■ Cole's request for "statements of all . . . co-conspirators charged in the Indictment," who were also Government witnesses, was made under Rule 16(b). Rule 16(b) provides in pertinent part: "[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses . . . to agents of the government except as provided in 18 U.S.C. § 3500." [1]

It should be noted that counsel for Cole also filed (on the same date) a motion for a bill of particulars. In response to that motion, the Government provided Cole's counsel with the names of the co-conspirators, the addresses of those known to the Government (except the addresses of the three boys), and the identification of the stolen auto and of the guns. The Government did not furnish the addresses of the three boys because of the possibility of threats to them as witnesses. Statements of the Government's witnesses were given to counsel for Cole after each witness had testified. This practice is in full accord with the established rule in this Circuit. *See* United States v. Cole, supra, 449 F. 2d at 198, and cases cited therein. Cole

---

1. 18 U.S.C. § 3500 provides for the production of statements of government witnesses *after* they have testified.

relies on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) but that case dealt with failure of the prosecution to disclose exculpatory information at the trial—not prior thereto.

Under these circumstances, the trial court's denial of the pretrial discovery motion was not an abuse of discretion, especially since Cole has not demonstrated any resulting prejudice to his defense.

## II. JURY INSTRUCTIONS

We have examined each of Cole's contentions concerning the instructions given to the jury and have found them to be without merit.

The reasonable doubt instruction given by the trial court was as follows:

"You are further charged that a reasonable doubt is a doubt based upon reason, and which is reasonable in view of all the evidence, and if after careful and impartial consideration of all the evidence, you can candidly say that you are not satisfied of the defendant's guilt, you have a reasonable doubt. But if after a careful and an impartial consideration of all the evidence, you truthfully can say that you have an abiding conviction of the defendant's guilt such as you would be willing to act upon in the more weighty and important matters relating to your own affairs, you have no reasonable doubt. Putting it another way, a reasonable doubt means a substantial doubt and not the mere possibility of innocence."

In Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954) the Supreme Court upheld a similar instruction in these words:

"We think this section of the charge should have been in terms of the kind of doubt that would make a person hesitate to act, see Bishop v. United States, 71 App.D.C. 132, 137–138, 107 F.2d 297, 303, rather than the kind on which he would be willing to act. But we believe that the instruction as given was not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some. A definition of a doubt as something the jury would act upon would seem to create confusion rather than misapprehension. 'Attempts to explain the term "reasonable doubt" do not usually result in making it any clearer to the minds of the jury,' Miles v. United States, 103 U.S. 304, 312, 26 L.Ed. 481, and we feel that, taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury."

■ We agree that the definition of reasonable doubt should be phrased in terms of hesitation to act, but we do not believe that the instruction, read as a whole, was prejudicial to Cole. Counsel for Cole failed to state distinctly the grounds of his objection as required by Rule 30 of the Federal Rules of Criminal Procedure, and the use of the instruction certainly does not constitute plain error. United States v. Dunmore, 446 F.2d 1214 (8th Cir. 1971); Friedman v. United States, 381 F.2d 155 (8th Cir. 1967).

■ The trial court did not give the alibi instruction requested by Cole. However, an examination of the record discloses that the evidence Cole adduced tending to establish an alibi covered only two brief periods on July 29, 1970, prior to the time the three youths were apprehended after the bank had been robbed and did not necessarily rebut the proof of the Government that the aiding and abetting and the conspiracy took place between 8:30 a. m. and 2:00 p. m. Inasmuch as Cole's evidence was insufficient to establish an alibi, it was not an abuse of the trial court's discretion to refuse to give the requested instruction, especially in view of the failure of Cole's counsel to state distinctly the grounds for his objection to the trial court's failure to give the instruction.

■ The trial court also did not give the "identification" instruction requested by the defendant but did give adequate instructions on burden of proof,

reasonable doubt and credibility of witnesses. Again, the counsel for Cole failed to comply with Rule 30 of the Federal Rules of Criminal Procedure by stating distinctly the grounds for his objection to the omission of the instruction. The requested instruction is not set forth in the record, in the transcript or in appellant's brief. Under these circumstances, we cannot say that it was plain error for the trial court to refuse the requested instruction.

The trial court also refused to give the requested instruction relating to inconsistent statements which, according to appellant's brief, was taken from Devitt and Blackman, Federal Jury Practice and Instructions, § 12.05 (1970).

■ However, Cole's counsel failed to state distinctly the grounds for his objection to the omission of the requested instruction, and inasmuch as an adequate credibility instruction was given, we do not consider the trial court's failure to give the requested instruction to be plain error.

## III.  TRIAL COURT'S COMMENTS ON THE EVIDENCE

Cole asserts that the trial court's comments upon the evidence were improper for four reasons. First, the trial judge failed to comment upon the favorable evidence which was presented; second, the trial court, by using himself, the Assistant U. S. Attorney, the Bailiff and the U. S. Marshal, used a prejudicial example in explaining the law of conspiracy; third, the trial judge inaccurately summarized Kelton's testimony by saying that Terry testified that two men went with the boys to steal the automobile when he actually testified that only he and one of the boys went, and that Terry testified Cole was present in the apartment when Terry actually testified Cole was not present; and fourth, the trial judge was improperly assisted by the Assistant U. S. Attorney's interjection of comments.

Another panel of the Court recently discussed a federal judge's right to comment upon the evidence. In United States v. Dunmore, *supra,* 446 F.2d at 1218, that panel said:

"While a federal trial judge is permitted to comment on the evidence and witnesses in his instructions to the jury, United States v. DePugh, 434 F.2d 548 (8th Cir. 1970), Kramer v. United States, 408 F.2d 837 (8th Cir. 1969), he must studiously avoid one-sidedness. Quercia v. United States, 289 U.S. 466, [53 S.Ct. 698, 77 L.Ed. 1321] (1932). The failure of the judge to cautiously exercise his right to comment may easily result in prejudice to a litigant's rights, particularly in a criminal case. Ray v. United States, 367 F.2d 258 (8th Cir. 1966), *cert. denied,* 386 U.S. 913, [87 S.Ct. 863, 17 L.Ed.2d 785] (1967)."

■ We have carefully examined all of the comments made by the court and conclude that the trial judge fairly summarized the evidence relating to Cole. In so doing, he pointed up the inconsistencies in the statements of the Government's witnesses and commented in a way favorable to Cole upon the failure of one of the key Government witnesses to identify Cole except by a picture. The inaccuracy as to Terry's testimony concerning whether one or two men went with one of the boys to steal a car was not material to Cole's defense since the trial court did not identify Cole as the second man. (The boy who stole the car testified that Cole had accompanied him and Terry when they stole the car.) The example used to explain the law of conspiracy was not unfairly stated, and the interjection of comments by the Assistant U. S. Attorney, while not desirable, corrected factual errors in the trial judge's summary and were not prejudicial to Cole.

The trial judge carefully explained to the jury that it was their duty to determine the facts and that his comments were not binding or conclusive in their determination. Our examination of the entire record indicates Cole had a fair trial; that the evidence of his guilt was overwhelming; and that no prejudicial

error was committed by the trial court. *Cf.* Chubet v. United States, 414 F.2d 1018, 1021 (8th Cir. 1969), and Rogers v. United States, 367 F.2d 998, 1003 (8th Cir. 1966) (2–1), cert. denied, 386 U.S. 943, 87 S.Ct. 976, 17 L.Ed.2d 874 (1967).

Judgment of conviction affirmed.