**UNITED STATES of America,**
**Appellee,**

v.

**Sylvester ATKINS, Appellant.**

**No. 73–1365.**

United States Court of Appeals,
Eighth Circuit.

Nov. 9, 1973.

James A. Bell and Allen I. Harris, St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty., Jerry J. Murphy, Dist. Counsel, Drug Enforcement Admin., and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT, and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Sylvester Atkins, age 26, appeals from a two-count conviction of distributing a controlled substance (heroin) in violation of 21 U.S.C. § 841(a)(1). The district judge dealt severely with Atkins, sentencing him to serve consecutive prison terms of 12 years on each count, a total of 24 years, plus a special three-year parole term on each sentence—an aggregate parole term of six years. Atkins appeals the convictions and raises these four contentions:

(1) The trial court erred in refusing to dismiss the indictment for reasons of delay between the commission of the alleged offenses (August 2 and August 16, 1972) and the return of the indictment (February 20, 1973).

(2) The trial court erred in refusing to permit a witness for the defendant to testify, notwithstanding that the witness had violated an order requiring sequestration of witnesses.

(3) The trial court committed plain error in not giving an alibi instruction.

(4) The trial court erred in defining "reasonable" doubt in terms of "substantial" doubt.

We have carefully reviewed the record and find no prejudicial error. We affirm.

The government introduced evidence that Atkins sold packets of narcotics containing a high content of heroin to an informant on two occasions in August. Law enforcement officials testified to observing these transactions from a distance through the use of binoculars.

Atkins himself testified and denied the sales of narcotics to the informer. At the times specified in the indictment, he claimed that he was playing baseball with a team representing the Pruitt-Igoe Housing Project in St. Louis. He also called one witness who testified that the informer, at a time several months after the alleged narcotics sales, asked the witness to introduce the informant to Atkins. The defendant sought to present similar testimony from another witness, but the trial court refused such testimony because the tendered witness had been in court during a portion of the trial in violation of the court's order that all nonparty witnesses remain outside the courtroom except when called to testify.

We comment briefly upon appellant's claims.

I.

No error is shown on refusing to dismiss the indictment because of unreasonable delay in indicting appellant. Atkins claims his defense was impaired

by the delay between the dates of the incidents here in question and his arrest since he was unable to recall his whereabouts on those days. This is not enough. A claim merely of general inability to reconstruct the events of the period in question is insufficient to establish the requisite prejudice for reversal based on denial of due process. United States v. Golden, 436 F.2d 941 (8th Cir.), cert. denied, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971). And the record here belies Atkins' claim, since he testified positively that he played baseball every Wednesday after-noon, including Wednesday, August 2, and Wednesday, August 16, 1972, the dates of the alleged offenses. One of defendant's witnesses gave similar testimony about the baseball schedule on each Wednesday. The appellant's claim of constitutional violation lacks any merit, since the Sixth Amendment does not apply in the preindictment situation, United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and since he has not shown sufficient actual prejudice to sustain a Fifth Amendment claim of due process, see United States v. Emory, 468 F.2d 1017 (8th Cir. 1972); United States v. Golden, *supra.*

## II.

Ordinarily the violation of a sequestration order by a witness does not call for exclusion of his testimony. The Supreme Court in Holder v. United States, 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), expressed the controlling principle as follows:

If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not

thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.

In special circumstances, the court may undoubtedly exclude a witness. *See* United States v. Kiliyan, 456 F.2d 555 (8th Cir. 1972). The circumstances underlying the violation are not clearly disclosed by the record in this case, but even if the circumstances here did not call for exclusion, we find no prejudicial error in the rejection of the testimony which was merely cumulative to other similar testimony introduced to impeach the informer-witness.[1]

## III.

We find no error in the court's failure, *sua sponte,* to give an alibi instruction. The trial court need not give such an instruction in the absence of a request therefor. Goldsby v. United States, 160 U.S. 70, 77, 16 S.Ct. 216, 40 L.Ed. 343 (1895); Roper v. United States, 403 F.2d 796, 798 (5th Cir. 1968).

## IV.

The trial court gave the following instruction on reasonable doubt:

The burden of proof, as you have been told, is upon the Government. The Defendant is presumed to be innocent until proven guilty. This presumption of innocence attends and protects the Defendant throughout the trial unless it has been met and overcome by evidence coming forward in the case which shows and establishes the guilt of the Defendant beyond a reasonable doubt.

---

1. It should be noted that the excluded testimony may not have been admissible as impeachment because it lacked proper foundation. Defense counsel did not give the informer a chance on cross-examination to explain or to deny the allegedly inconsistent statements—a prerequisite generally considered mandatory. *E. g.,* United States v.

Hayutin, 398 F.2d 944, 953 (2d Cir.), cert. denied, 393 U.S. 961, 89 S.Ct. 402, 21 L.Ed.2d 374 (1968), rehearing denied, 393 U.S. 1045, 89 S.Ct. 615, 21 L.Ed.2d 597 (1969), second rehearing denied, 394 U.S. 939, 89 S.Ct. 1178, 22 L.Ed.2d 475 (1969); McCormick's Handbook of the Law of Evidence (2d ed. 1972) § 37.

The Court further charges you that a reasonable doubt is a doubt based on reason, and which is reasonable in view of all the evidence. And if, after an impartial comparison and consideration of all the evidence, you candidly can say that you are not satisfied of the Defendant's guilt, you have a reasonable doubt; and if, after such impartial comparison and consideration of all the evidence, you truthfully can say that you have an abiding conviction of the Defendant's guilt, you have no reasonable doubt.

Putting it another way, a reasonable doubt means a substantial doubt, and not the mere possibility of innocence. [Tr. 293-94.]

 The objection made on this appeal is that "substantial" doubt is not the equivalent of "reasonable" doubt. We agree. Proof of guilt beyond a reasonable doubt would seem to require a greater evidentiary showing by the Government than proof of guilt beyond a substantial doubt. For this reason, we do not approve of the alternative statement that reasonable doubt means a substantial doubt.[2] But here no objection was taken to the instruction as is required by F.R.Crim.P. 30, and we cannot say that the giving of this instruction in the context of this case constituted plain error under F.R.Crim.P. 52(b). See United States v. Culp, 472 F.2d 459 (8th Cir.), cert. denied, 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692 (1973); United States v. Cole, 453 F.2d 902, 906 (8th Cir.), cert. denied, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972); United States v. Dunmore, 446 F.2d 1214 (8th

Cir.), cert. denied, 404 U.S. 1041, 92 S. Ct. 726, 30 L.Ed.2d 734 (1971).

Finding no prejudicial error in these proceedings, we affirm.

Affirmed.

---

2. In State v. Davis, 482 S.W.2d 486, 490 (Mo. 1972) (Seiler, J., concurring in result), Justice Seiler of the Missouri Supreme Court observed:

"Reasonable" and "substantial" are not synonymous, as can be seen by referring to any of the standard dictionaries. The point was well put by counsel in argument recently where he pointed out that if one had to undergo a serious operation and were querying the doctor as to the prospects for a successful outcome, how differently the person would feel if the doctor told him there was only a reasonable chance of success as opposed to being told there was a substantial chance of success.

Attempts to explain the term "reasonable doubt" do not usually result in making it clearer to the minds of the jury. See Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954); Miles v. United States, 103 U.S. 304, 312, 26 L.Ed. 481 (1880); United States v. Cole, 453 F. 2d 902, 906 (8th Cir.), cert. denied, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972).