**UNITED STATES of America,**
**Appellee,**

v.

**Cleophas BYRD, Jr., Appellant.**

**No. 73-1460.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1974.

Decided April 16, 1974.

James A. Bell, St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty., and William C. Martin, St. Louis, Mo., for appellee.

Before VOGEL, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

VOGEL, Circuit Judge.

Cleophas Byrd, Jr., appeals his conviction on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). The indictment charged Byrd with the robbery of the Northwestern Bank and Trust Company of St. Louis, Missouri, on November 8, 1972, and again on November 21, 1972. Counsel at trial stipulated that the institution in question

was insured by the Federal Deposit Insurance Corporation. The appellant was convicted by a jury on both counts and was given concurrent 15-year sentences on each count.

Appellant first contends that the trial court erred in allowing the testimony of witnesses who identified him in open court. He contends that a pre-trial lineup was conducted in violation of his Sixth Amendment right to counsel and his Fifth Amendment right to due process of law. The lineup in question was held on April 16, 1973, prior to the indictment of the appellant. Counsel for appellant made no objection to the testimony of the identifying witnesses who attended the lineup, nor was there any request to strike the testimony during the trial.

■ We are guided in our review of these contentions by Rule 52(b) of the Federal Rules of Criminal Procedure which permits this court to notice plain errors or defects affecting substantial rights, although they were not brought to the attention of the trial court. We here follow the principle as laid down in Gendron v. United States, 295 F.2d 897, 902 (8th Cir. 1961), in which this court stated:

> The plain error rule should be applied with caution and should be invoked only to avoid a clear miscarriage of justice. To exercise the right freely would undermine and impair the administration of justice and detract from the advantages derived from orderly rules of procedure.

*Accord,* United States v. Wenner, 417 F.2d 979 (8th Cir. 1969), cert. denied, 396 U.S. 1047, 90 S.Ct. 700, 24 L.Ed.2d 692 (1970).

■ From the record before us, we find nothing to indicate that the lineup was impermissibly suggestive. There is also no showing in the record that the in-court identification was tainted by the previous lineup attended by the identifying witnesses. Since the record furnishes no support for the appellant's contentions, we conclude that he has failed to demonstrate the propriety of applying the plain error rule. No objection to the testimony of the identifying witnesses was made, and we are unable to say that on this record there was plain error in not excluding this evidence *sua sponte.* *See,* United States v. Wenner, *supra.*

■ The appellant next contends that the trial court erred in defining "reasonable doubt" in terms of "substantial doubt." In relevant part, the instructions to the jury stated:

> Putting it another way, a reasonable doubt means a substantial doubt and not the mere possibility of innocence.

After concluding the instructions to the jury, the following colloquy took place:

> The Court: Gentlemen, are there any exceptions or objections to the charge as given?
>
> Mr. Martin: The Government has none, Your Honor.
>
> Mr. Bell: [Defense Counsel] No, Your Honor.

As demonstrated by the above dialogue, no objection was made to the trial court's instructions by appellant's counsel. This contention is controlled by our opinion in United States v. Atkins, 487 F.2d 257, 260 (8th Cir. 1973), where we stated:

> The objection made on this appeal is that "substantial" doubt is not the equivalent of "reasonable" doubt. We agree. Proof of guilt beyond a reasonable doubt would seem to require a greater evidentiary showing by the Government than proof of guilt beyond a substantial doubt. For this reason, we do not approve of the alternative statement that reasonable doubt means a substantial doubt. But here no objection was taken to the instruction as is required by F.R.Crim. P. 30, and we cannot say that the giving of this instruction in the context of this case constituted plain error under F.R.Crim.P. 52(b). (Citations omitted.)

*Accord,* United States v. Cole, 453 F.2d 902 (8th Cir.), cert. denied, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972); United States v. Dunmore, 446 F.2d 1214 (8th Cir. 1971), cert. denied, 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972). The situation in the present case is analogous to that in *Atkins.*

Affirmed.