**UNITED STATES of America,
Appellee,**

v.

**Jack Walter FALLEN, Appellant.**

**No. 73–1882.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1974.

Decided June 10, 1974.

Rehearing and Rehearing En Banc
Denied July 5, 1974.

Charles M. Shaw, Clayton, Mo., for appellant.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and MATTHES, Senior Circuit Judges, and LAY, Circuit Judge.

LAY, Circuit Judge.

Defendant was convicted of engaging in the business of dealing in firearms without a license in violation of 18 U.S. C. §§ 922(a)(1) and 924(a). On appeal, defendant contends the trial court erred in denying defendant's pre-trial discovery motion; in refusing to find a fatal variance between the indictment and the government's proof; in not sustaining defendant's defense of entrapment as a matter of law; and in its charge to the jury defining "reasonable doubt" in terms of "substantial doubt." On review we find no prejudicial error and affirm the conviction below.

The government's case rested essentially on the testimony of two undercover agents of the Bureau of Alcohol, Tobacco and Firearms. The government proved that the defendant Fallen sold firearms to James A. Young, an undercover agent, at defendant's place of business in Overland, Missouri, on April 7, 1972; May 11, 1972; September 13, 1972; September 18, 1972; October 5, 1972; December 7, 1972; and January 3, 1973. These sales were admitted by the defendant. The defendant asserts, however, that he was a victim of unlawful entrapment in that he was told by the undercover agent that the sale of a single firearm between private parties was not an unlawful act. It was stipulated that defendant did not have a federal license to engage in the business of dealing in firearms.

I. *Pre-Trial Discovery of Defendant's Statements*

At trial, Agent Young testified that Fallen had told him that he could get four more pistols and that on another occasion Fallen stated he could get all the .38s and .25s Young wanted. Agent Young further testified that the defendant stated after one of the sales, "Don't get caught with this firearm," referring to a .38 revolver purchased April 7, 1972. In addition, Fallen allegedly told Agent Trice that he could get additional .38 and .32 caliber revolvers, and finally, that he was trying to get a "tommy-gun" for the agents.

Prior to trial defendant had moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure [1] to in-

---

1. Rule 16(a)(1) of the Federal Rules of Criminal Procedure provides as follows:

Upon motion of a defendant the court may order the attorney for the government to

**174**

spect all relevant statements made by defendant concerning the crime charged. The government informed the court that it did not have any "statements" of the defendant and the court therefore denied the defendant's pre-trial motion to so inspect.

It is the government's contention that there existed no written or recorded statements of the *defendant*. Rather, the government urges that the oral statements of defendant about which the agents testified were the *agents'* statements and that the agents' written summaries of their recollection of these conversations with the defendant were not statements within the purview of Rule 16(a)(1). After the agents had testified at trial, the government turned over their summaries to defense counsel for inspection under the Jencks Act, 18 U. S.C. § 3500. The government additionally urges that whether or not such statements should be disclosed prior to trial is within the discretion of the trial court and that there is no showing of abuse of discretion here.

We think the government's argument misses the mark in several respects. First and foremost, the question of whether the trial court properly exercised its discretion is not actually before us. The government's representation to the trial court that no statements existed foreclosed the court's exercise of any discretion. In open court, the court has the right to rely upon the truthfulness of the government's statement. We do not find, nor does the defendant claim, that the government deliberately misled the court. The record indicates the government in good faith interpreted Rule 16(a)(1) to apply only to written or recorded statements of the defendant himself. The difficulty with this reasoning, however, is that in construing the statute the government attempted to become prosecutor and judge at the

same time by representing to the court that no statements existed. *Cf.* United States v. Kasouris, 474 F.2d 689 (5th Cir. 1973); United States v. Wilkerson, 456 F.2d 57 (6th Cir.), cert. denied, 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972). The proper approach under these circumstances is to reveal to the court what statements the government has, thus giving the court the opportunity to pass on the question of whether or not they come within the purview of Rule 16.

Second, the overwhelming authority is contrary to the government's position. Defendant's oral statements made to the agents prior to and at the time of the sales may constitute relevant statements under Rule 16(a)(1). Barring some showing of possible harmful effects flowing from disclosure, these statements should have been produced pursuant to the pre-trial motion. As Professor Moore observes:

> The word "statements" as used in subdivision (a)(1) is nowhere defined in the Rule. Some courts have erroneously read into the Rule a qualification that statements discoverable should be "verbatim." If interpretive aid is needed, resort should be had to common usage of the term "statements" in criminal practice, which applies broadly to almost any material elicited from the defendant, written or oral, inculpatory or exculpatory.

8 Moore's Federal Practice ¶ 16.05[1].

In United States v. Crisona, 416 F.2d 107 (2d Cir. 1969), cert. denied, 397 U. S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970), the Second Circuit refused to accept the government's interpretation of Rule 16(a)(1), but instead chose to follow the cases supporting defendant's view:

> The bases of these decisions have been that the language of amended Rule

permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the

government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government . . . .

16(a) is unqualified in contrast to the limited definition of "statement" in section 3500, that the Notes of the Advisory Committee indicate that the amended Rule was intended to apply even to pre-arrest statements made by a defendant during the course of his crime and was meant to broaden materially the scope of discovery available to a defendant, that such a statement is obviously of such vital importance to the defense that fairness compels its disclosure, and that guilty pleas will thereby be encouraged. This broad interpretation of "statement" in Rule 16(a) is supported by the recent recommendation of the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial 62 (1969) that a defendant receive before trial all of his statements

> regardless of to whom they were made—whether a prosecuting attorney, an investigator, a grand jury * * *, or anyone else. It is also intended that statements be discoverable regardless of how they are obtained, whether surreptitiously or voluntarily.

We agree with these conclusions and see nothing in the plain language of Rule 16(a) or the Notes of the Advisory Committee accompanying it which would justify imposing the limitation suggested by the Government. *Id.* at 114–115. *Accord,* United States v. Isa, 413 F.2d 244, 249 (7th Cir. 1969); Loux v. United States, 389 F.2d 911, 922 (9th Cir.), cert. denied, 393 U.S. 867, 89

S.Ct. 151, 21 L.Ed.2d 135 (1968); United States v. Rosenberg, 299 F.Supp. 1241, 1245 (S.D.N.Y.1969); United States v. Lubomski, 277 F.Supp. 713, 721 (N.D.Ill.1967); United States v. Iovinelli, 276 F.Supp. 629, 631 (N.D.Ill. 1967).

The language of Rule 16(a)(1) requires a defendant's request to be for relevant material. This is the only showing that the defendant need make for production pursuant to this rule. In contrast, Rule 16(b) requires a specific showing of materiality. It cannot be disputed that defendant's own statements meet the test of relevancy and in this instance should have been produced. As the court said in United States v. Isa, 413 F.2d 244 (7th Cir. 1969):

> In our view, this subdivision clearly reveals that any showing authorizing the court to deny, restrict or defer discovery or inspection must be made by the government. It is only upon such a showing that there is lodged in a court the discretion to allow or deny a defendant's motion under (a)(1). More bluntly stated, a defendant has the right to an order permitting him to inspect his own written or recorded statements or confessions in the custody of the government, absent a showing by the government under Subdivision (e). It is then that the court is vested with discretion to allow or reject defendant's motion.[2]

*Id.* at 248.

Nor do we agree with the government's final argument that the summaries here fall within the work product exemption of Rule 16(b).[3] *See* United

2. The proposed 1972 amendments to Rule 16(a) would substitute the word *shall* for the word *may:*

Upon request of a defendant the government *shall* permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends

to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. . . . (emphasis added).

3. Rule 16(b) provides:

Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy

States v. Scharf, 267 F.Supp. 19 (S.D. N.Y.1967); United States v. Reid, 43 F.R.D. 520 (N.D.Ill.1967).

We turn to the question of whether the erroneous denial of the defendant's discovery motion constituted prejudicial error. Under the specific factual circumstances of this case, we find no prejudice. Defendant has made no showing of any possible harm flowing from the failure to produce the statements before trial. As indicated, the statements were given to defense counsel pursuant to the Jencks Act after the agents testified. At that time, defense counsel had ample opportunity to study the statements and thereafter engaged in a vigorous cross-examination of both agents in thich he was able to expose several discrepancies (most of a technical nature) in their testimony. It is apparent that defense counsel did the best he could to destroy the credibility of the agents. In certain cases, such late disclosure may well constitute prejudicial error. In the present case, however, the statements do not reveal any factual matter which might have been impeached by calling additional witnesses or by adducing proof of physical facts. Although we do not intend to diminish the importance of pre-trial disclosure under these factual circumstances, we fail to find here a specific showing of prejudice sufficient to overturn the conviction. *See* United States v. Battaglia, 410 F.2d 279, 283 (7th Cir.), cert. denied, 396 U.S. 848, 90 S.Ct. 73, 24 L.Ed.2d 97 (1969).

## II. *Variance Between the Indictment and the Government's Proof*

The indictment charged that the defendant knowingly engaged in the business of dealing in firearms without a license at 9409 Midland Avenue and No. 5 Wedgewood Estates, both in Overland, Missouri. At trial, the government presented no evidence relating to No. 5 Wedgewood Estates. In response to defendant's pre-trial motion for a bill of particulars, however, the government limited its case to the alleged sales at 9409 Midland Avenue. We fail to see that the lack of proof concerning transactions at No. 5 Wedgewood Estates in any way prejudiced the defendant in the defense of his case.

## III. *Entrapment*

Defendant urges that the evidence concerning entrapment was such that the court should have entered a verdict of acquittal as a matter of law. Upon review of the overall evidence we think it obvious that the issue of entrapment was one of fact for the jury. *See* United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

## IV. *Reasonable Doubt Instruction*

The defendant asserts error in that the trial court instructed the jury that "a reasonable doubt means a substantial doubt and not the mere possibility of innocence." Trial in this case was held in the latter part of October, 1973. This court for the first time, on November 9, 1973, disapproved a similar instruction in United States v. Atkins, 487 F.2d 257 (8th Cir. 1973), holding that "[p]roof of guilt beyond a reasonable doubt would seem to require a greater evidentiary showing by the Government than proof of guilt beyond a substantial doubt." This court found, however, that since the instruction in *Atkins* was not objected to at trial, as required by Rule 30 of

---

or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable. Except as provided in subdivision (a)(2), this rule does not authorize the discovery

or inspection of reports, memoranda, or other internal government documents made by government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses (other than the defendant) to agents of the government except as provided in 18 U.S.C. § 3500.

the Federal Rules of Criminal Procedure, the giving of the instruction in the context of that case did not constitute plain error. Recently, in United States v. Byrd, 494 F.2d 1275 (8th Cir. April 16, 1974), we applied the same rule where no objection was made at the time of trial. In the instant case, counsel excepted to the instruction on the specific ground later enunciated in *Atkins*. The district court, not having the benefit of *Atkins*, overruled the objection, following our pre-*Atkins* decisions. *See, e. g.,* United States v. Culp, 472 F.2d 459 (8th Cir.), cert. denied, 411 U.S. 970, 93 S.Ct. 2161, 36 L.Ed.2d 692 (1973).

In In re Winship, 397 U.S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court found a denial of due process when an accused in a criminal prosecution was convicted under a lesser standard than guilt beyond a reasonable doubt. There a juvenile was convicted on evidence which the court found to meet only the simple preponderance of evidence standard. Thus, it is clear that the reasonable doubt standard in a criminal case is of constitutional stature. If the holding of *Atkins* meant that the use of the phrase, "substantial doubt" creates a lesser standard of proof, then we would be confronted with a question of denial of due process. However, the *Atkins* court refused to find "plain error" in the use of the words "substantial doubt." Under these circumstances, it should be clear that our court did not deem it significant to set it forth in its mensions. The instruction in *Atkins* was the same as that given here. We deem it significant to set it forth in its entirety:

> This is a criminal case, as you know. The burden to make out the guilt of the defendant on trial in this case is upon the Government; that burden the Government assumes in the beginning and carries throughout to the end, until it has met it by showing to you the guilt of the defendant beyond a reasonable doubt. The law never imposes upon a defendant in a criminal case the burden or

duty of calling any witnesses or producing any evidence.

All of the presumptions of the law, aside from the evidence, are in favor of innocence and the defendant is presumed to be innocent until proven guilty. This presumption of innocence attends and protects the defendant throughout the trial until it has been met and overcome by evidence coming forward in the case which shows and establishes the defendant's guilt beyond a reasonable doubt. Unless you find the defendant guilty beyond a reasonable doubt, you shall acquit him.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense —the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly. Putting it in another way, a reasonable doubt means a substantial doubt and not the mere possibility of innocence.

It is clear that the phrase "substantial doubt" was used only once. "Beyond a reasonable doubt" is otherwise explained as "the kind of doubt that would make a reasonable person hesitate to act" and "proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly."

 Upon reviewing the instruction as a whole, as we must do, without isolating a single phrase or sentence, we conclude that the court conveyed the proper concept of reasonable doubt. This is not to detract from our holding in *Atkins*. In light of the overwhelming evidence of guilt in the present case, however, any error in the instructions we deem to be harmless since it could not in any way have influenced the jury in its finding of guilt.

Judgment affirmed.

VAN OOSTERHOUT and MATTHES, Senior Circuit Judges (specially concurring).

We agree that the judgment of conviction should be affirmed. We concur in Judge Lay's opinion on all issues except the issue relating to the interpretation of Rule 16(a)(1), Federal Rules of Criminal Procedure. On such issue, we agree with Judge Lay's determination that no prejudicial error has been committed. We do not reach the issue of whether a non-verbatim oral statement of the defendant incorporated in the government agent's report constitutes "written or recorded statements or confessions made by the defendant" as such words are used in Rule 16(a)(1). Such issue was not adequately briefed or argued. We believe the disposition of such controversial issue should await a situation where resolution of the issue is required to dispose of the case and the issue is fairly briefed and argued by the parties.