**UNITED STATES of America,
Appellee,**

v.

**Jerry WASHINGTON, Appellant.**

**No. 74–1156.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1974.

Decided Sept. 13, 1974.

Rehearing Denied Nov. 7, 1974.

Thomas L. Kelly, Newmark & Baris, St. Louis, Mo., for appellant.

William J. Dye, Sp. Atty., Dept. of Justice, St. Louis, Mo., for appellee.

Before LAY, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Appellant Jerry Washington was convicted on two counts of violating 21 U.S.C. § 841(a)(1), by selling heroin to a paid government informant. He claims that he was denied a speedy trial and due process. For two additional cases involving due process claims, also decided this day, see United States of America v. Jackson, 504 F.2d 377 (8th Cir. 1974); United States of America v. Norton, 504 F.2d 342 (8th Cir. 1974). We find no merit in his allegations of error and affirm.

The transactions for which the appellant was convicted occurred on July 10th and 17th, 1972. After a delay of two and one-half months, an indictment was issued on October 4, 1972, and immediately suppressed. An arrest warrant, also issued on that date, was not executed until December 4, 1973—fourteen months after the indictment. That was the first occasion on which the defendant knew that he was charged with the crimes.

The defendant filed a motion for acquittal for failure to prosecute, contending that the pre-indictment delay denied him of due process because it prejudiced his ability to present a defense to the charges, and that the post-indictment delay violated his right to a speedy trial under the Sixth Amendment, resulting in similar prejudice.[1] Pursuant to this motion, an evidentiary hearing was held to determine the reasons for the government's delay in effecting arrest. At this hearing, Officer Loehr, a government agent, testified as to the government's efforts to locate the defendant to effect his arrest. The defendant also testified in detail concerning his whereabouts in St. Louis during the post-indictment delay. He testified that he was in the county hospital for months at a time undergoing drug abuse treatments, in the city hospital for an operation for a short time, and employed at a bakery during a portion of the interval.

The District Court found that the defendant had not been prejudiced by the two and one-half month delay between the offenses and the indictment, that the reason for the post-indictment delay in effecting arrest was the inability of government agents to locate the defendant, and that, under all the circumstances, the defendant's right to a speedy trial had not been violated.

I. THE PRE-INDICTMENT DELAY.

The delay occurring between the offenses and the indictment raises a claim under the Fifth Amendment due process clause rather than under the Sixth Amendment's guarantee of a speedy trial. See, United States v. Marion, 404 U.S. 307, 313, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); United States of America v. Jackson, supra at 338–339. As we stated in Jackson, the resolution of the due process claim requires a balanc-

1. The defendant also moved for a bill of particulars, to compel disclosure of the name and address of the informant. This motion was denied without a hearing on the ground that the informant was to be called at trial. The appellant does not appeal this ruling. We express our views on this issue in United States of America v. Norton, No. 74–1049 at 343–344 n. 1 (8th Cir. 1974).

ing of the reasonableness of the delay against the prejudice to the accused, *id.* at 339, and the defendant must ordinarily demonstrate that he is in fact prejudiced before a ruling of dismissal is called for. *Id.* at 339 n.2.

█ Except for conclusory allegations in the pleadings, the appellant has produced no evidence in the record that he was prejudiced in any way. At the evidentiary hearing, he was allowed to take the stand for the limited purpose of supporting his motion to dismiss. He had ample opportunity at that time to make a record as to prejudice, but did not do so. Therefore, as in *Jackson,* we cannot conclude that the District Court was clearly erroneous in finding that the appellant was not prejudiced by the pre-indictment delay, and his due process claim must fall. *See,* United States of America v. Jackson, *supra* at 341.

## II.   THE DELAY BETWEEN INDICTMENT AND ARREST.

█ Since the Sixth Amendment guarantee of speedy trial was triggered by the indictment, we must examine the circumstances of the post-indictment delay under the balancing test set forth by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972). Under that decision, the court is directed to weigh four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192.

█ The government asserts that "[t]he appellant's complete failure to show prejudice is fatal to any claim he may have under the Sixth Amendment speedy trial provision." That is not the law. Recently the Supreme Court declared:

  \* \* \* Barker v. Wingo expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial
  \* \* \*

Moore v. Arizona, 414 U.S. 25, 26, 94 S. Ct. 188, 189, 38 L.Ed.2d 183, 185 (1973). *See also,* Hoskins v. Wainwright, 485 F. 2d 1186, 1192–1194 (5 Cir. 1973). Thus, the appellant's failure to demonstrate prejudice does not end the inquiry under the Sixth Amendment.

In our view, putting the question of reasonableness to one side, a period of fourteen months between indictment and arrest is inordinately long. It is at least long enough to serve as a "triggering mechanism," Barker v. Wingo, *supra* 407 U.S. at 530, 92 S.Ct. 2182; therefore, the first factor weighs against the government here. The third factor, pertaining to the defendant's assertion of his right to a speedy trial, must also weigh against the government, as the defendant filed his motion for acquittal promptly.

█ We have then a situation in which the first and third factors weigh against the government and the fourth factor (prejudice) weighs against the defendant. Against this background, the second factor—the reason for the delay—assumes central importance. The government contended and attempted to demonstrate at the evidentiary hearing that the delay was caused by the inability of the agents to locate the defendant and that its attempts to locate him had been sufficiently diligent to warrant a finding that the delay was reasonable. The defendant, on the other hand, testified in effect that his location could easily have been ascertained and that, therefore, the search could not have been diligent. We agree with the appellant's contention that long delay arising from the negligence or laziness of the arresting officers in executing an arrest warrant would be unreasonable, and that this unreasonableness would enter into the calculus of balancing the interests of the government and the accused. *Cf.,* Godfrey v. United States, 123 U.S.App. D.C. 219, 358 F.2d 850, 852 (1966). However, given the conflict of the evidence with respect to the agents' diligence, the reasonableness of the delay

hinged on the credibility of the witnesses. The trial court credited the testimony of the police officers. We cannot say it was clearly in error in so doing. *See,* Lipscomb v. United States, 209 F.2d 831 (8th Cir.), cert. denied, 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105 (1954).

■ The trial court, in balancing all of these factors, concluded that the defendant had not been denied his right to a speedy trial. Despite our concern over the length of the delay in effecting arrest, we are inclined to sustain that ruling. The appellant's right to a speedy trial was not sufficiently burdened to call for the exercise of "the severe remedy of dismissal." Barker v. Wingo, *supra,* 407 U.S. at 522, 92 S.Ct. 2182. *See also,* United States v. Cabral, 475 F.2d 715, 720 (1st Cir. 1973).

### III. JENCKS ACT STATEMENT, SCOPE OF CROSS-EXAMINATION, PRESENTENCE REPORT.

■ Three final contentions of the appellant do not require extensive discussion. First, he claims that the District Court erred in not requiring production of a Jencks Act[2] statement by one of the officers who testified for the government. We have examined the record carefully on this point, and find that the defendant failed to invoke that Act by making an appropriate and timely request that the statement be produced. *See,* Lewis v. United States, 340 F.2d 678, 682–683 (8th Cir. 1965). Since the trial court was never requested to make a ruling on that issue, there was no error.

■ Next, the appellant claims that the court erred in restricting the scope of certain cross-examination concerning, among other things, potential involvement of witnesses in a mistaken venture widely known as the "Collinsville raids." *Cf.,* United States of America v. Jackson, *supra* at 339–340. Defense counsel was attempting, by his questions, to probe into evidence of a collateral nature. The admissibility of that evidence was within the discretion of the trial court. United States v. Cole, 449 F.2d 194, 199 (8th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972). We find no abuse of that discretion.

■ The appellant finally contends that the court erred in denying him access to the presentence report. The government concedes that the report was not made available to him, but states that the District Court complied with the rule laid down by this Court in United States v. Carden, 428 F.2d 1116, 1117–1118 (8th Cir. 1970), advising trial judges to state on the record the factors which they take into consideration in rendering sentence. While the writer of this opinion continues to adhere to the views he expressed on this problem in United States v. Schrenzel, 462 F.2d 765, 776 (8th Cir.), cert. denied, 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972) (Heaney, J., dissenting), he feels bound by the views expressed by a majority of this Court in United States v. Carden, *supra;* Hess v. United States, 496 F.2d 936 (8th Cir. 1974), and United States v. Mims, 440 F.2d 643 (8th Cir. 1971). Since the District Court complied with these cases by orally disclosing and verifying the negative ingredients of the report upon which it relied in passing sentence, there was no error.

. Affirmed.

---

2. The Jencks Act, 18 U.S.C. § 3500, provides in part:

(b) After a witness called by the United States has testified on direct examination, the court shall, *on motion of the defendant,* order the United States to produce any statement * * * of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. * * * (Emphasis supplied.)