UNITED STATES of America, Appellee,

v.

Thomas Alvin LARSON, Appellant.

No. 76–2003.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1977.

Decided May 26, 1977.

Ronald L. Haskvitz, Minneapolis, Minn., for appellant.

Richard E. Vosepka, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Robert G. Renner, U. S. Atty., Minneapolis, Minn., on brief.

Before LAY and HENLEY, Circuit Judges, and NANGLE, District Judge.*

NANGLE, District Judge.

Thomas Alvin Larson appeals his conviction of transportation of a stolen automobile in interstate commerce. 18 U.S.C. § 2312. On appeal, he contends that (1) the evidence was insufficient to support his conviction; (2) pre-indictment and pre-trial delay denied him due process of law; (3) there was an improper search and seizure; (4) the trial court erred in admitting certain testimony; (5) appellant was prejudiced by

* JOHN F. NANGLE, District Judge, Eastern District of Missouri, sitting by designation.

the failure of the government to comply with the trial court's order to disclose the names of witnesses; (6) certain statements were erroneously not revealed to defendant; and (7) the jury was improperly instructed. We affirm.

Viewing the evidence in the light most favorable to the government, *United States v. Joyner*, 539 F.2d 1162 (8th Cir. 1976); *United States v. Oliver*, 525 F.2d 731 (8th Cir. 1975), the following was adduced at trial: defendant owned an auto salvage company in Minnesota. On April 25, 1974, he placed a deposit on a 1973 Oldsmobile Cutlass Supreme which was cranberry in color and had a wrecked front end. On April 30, 1974, an undamaged 1973 green Oldsmobile Cutlass Supreme was stolen from the Kline Oldsmobile lot in Roseville, Minnesota. On May 11, 1974, one of defendant's employees paid the remainder of the money due on the cranberry Cutlass and brought it to defendant's place of business. On May 15, 1974, defendant attempted to sell a green Cutlass at an auction near Milwaukee, Wisconsin. The vehicle identification number on the dash of this green Cutlass belonged to the cranberry Cutlass; the title was also from the cranberry Cutlass. The manager of the auction became suspicious when defendant stated that he had rebuilt the Cutlass which he was attempting to sell. The manager felt that the car could not have been rebuilt, as defendant represented, in such a short time period. The manager contacted the Federal Bureau of Investigation but defendant left before an agent arrived. On May 24, 1974, defendant sold the green Cutlass in Minnesota to Richard Major, using the cranberry Cutlass' title and dash number. The green Cutlass had a confidential vehicle identification number which revealed that it was in fact the automobile which had been stolen from Kline Oldsmobile.

At trial, defendant contended that the green Cutlass was rebuilt from the cranberry Cutlass. He also presented evidence that he had purchased the green Cutlass from an individual named Anderson although Anderson was not called to testify. Defendant admitted at trial that he had caused the green Cutlass to be transported from Minnesota to the auction in Milwaukee, Wisconsin.

■ It is our conclusion that the evidence was clearly sufficient to warrant submission to the jury. There was sufficient proof that the green automobile had been stolen and that defendant transported it to another state. The circumstantial evidence was sufficient to warrant a conclusion by the jury that defendant knew that the vehicle was stolen.

■ Although the automobile in question was alleged to have been in defendant's possession on May 15, 1974, he was not indicted until May 25, 1975. Trial commenced on August 23, 1976. Defendant contends that he was denied due process because of the pre-indictment delay; he also contends that he was denied a speedy trial. In order to determine whether there has been a denial of due process due to the delay between the date of offense and the date of indictment, the Court must balance "the reasonableness of the delay against the prejudice to the accused * * *" *United States v. Washington*, 504 F.2d 346 (8th Cir. 1974). *Cf., United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

■ Defendant's assertion of prejudice is that the green Cutlass, which had been in FBI custody, had been released, and at the time of indictment, was located in the state of Washington. Defendant argues that the government had a duty to preserve the automobile. See *United States v. Bryant*, 142 U.S.App.D.C. 132, 439 F.2d 642 (1971). We fail to see the prejudice under the circumstances herein. Defendant was able to inspect the vehicle before trial and presented expert testimony on the question of whether the vehicle had been rebuilt as defendant asserted. Moreover, we conclude that the delay between the date of offense and the date of indictment was reasonable. It was some time before the FBI was able to inspect the automobile initially as the man who then had possession of it was frequently away from home. Once an initial inspection had been made, the FBI had

to trace the multiple identification numbers located on the vehicle. Since defendant has failed to show prejudice and the delay was reasonable under the circumstances, this claim must fail.

 Factors to be considered in determining whether defendant has been denied a speedy trial are length of delay, reason for delay, defendant's assertion of right, and prejudice. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Dowl*, 394 F.Supp. 1250 (D.Minn.1975). Although the delay herein is questionable, *United States v. Washington*, 504 F.2d 346 (8th Cir. 1974), the delay was occasioned in part by extensive motions filed by defendant. In addition, we fail to see any prejudice which defendant suffered as a result. Balancing these factors, we conclude that defendant was not denied his constitutional right to a speedy trial.

 Defendant contends that the trial court erred in refusing to suppress evidence obtained through an allegedly illegal search and seizure. A review of the transcript establishes that the government did not introduce any evidence resulting from said search; it was defendant who introduced such evidence. Under these circumstances, we will not review the trial court's ruling on the validity of the search and subsequent seizure, since the rule excluding the admissibility of such evidence relates to its use by the prosecution. *Cf., Davis v. Mississippi*, 394 U.S. 721, 724, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

 Defendant also contends that he was denied due process because the government failed to comply with a pre-trial order to disclose the names of witnesses one day before trial. The list was not produced until the morning of trial and three witnesses were called who were not on the list. It is clear that defendant is not entitled to the names of government witnesses. Rule 16, Federal Rules of Criminal Procedure; *United States v. Cole*, 453 F.2d 902 (8th Cir. 1972), *cert. denied*, 406 U.S. 922, 92 S.Ct.

1788, 32 L.Ed.2d 122 (1972). The record clearly establishes that defendant failed to object to the testimony of two of the witnesses who were not on the list provided. The third witness, Sandra Smith, was called by the government as a rebuttal witness. The record totally fails to establish that the order requiring disclosure of the names of witnesses included rebuttal witnesses. Moreover, the record fails to establish that defendant objected to her testimony on this basis.

 Sandra Smith testified that she had been at defendant's business around April, 1974 and that defendant had stated that some of the cars were "hot". Included among such cars was a green Oldsmobile. Defendant argues that such evidence should have been excluded. Defendant points out that the car involved herein was not stolen until April 30, 1974, and thus any statement allegedly made by defendant in April, 1974 could not have related to the instant offense. This Court rejects defendant's contention that a witness must be able to recall the exact date that a statement was made. The witness' recollection of the date that the statement was made was sufficiently close in time to the date that the vehicle was stolen to support its admissibility. Even assuming that the car seen and the statement made with reference thereto were not the subject of the instant offense, we conclude that the evidence was admissible pursuant to Rule 404(b), Federal Rules of Evidence. *United States v. Conley*, 523 F.2d 650 (8th Cir. 1975); *United States v. Cochran*, 475 F.2d 1080 (8th Cir. 1973), *cert. denied*, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973).

 Defendant argues that the trial court erred in concluding that an FBI report was not material to which defendant was entitled under the Jencks Act, 18 U.S.C. § 3500. Statements are producible under the Act only if they are signed or otherwise adopted or approved by the witness. *Goldberg v. United States*, 425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976); *United States v. Roberts*, 455 F.2d 930 (5th Cir. 1971), *cert. dismissed*, 405 U.S. 1050, 92

S.Ct. 1331, 31 L.Ed.2d 592 (1972); *United States v. Turner*, 442 F.2d 1146 (8th Cir. 1971). The record establishes that the trial court questioned the FBI agent as to whether any of the witnesses signed the statements contained therein. The agent stated that they had not and that the report was authored by the agent himself. The trial court also reviewed the report itself. We therefore conclude that the trial court's determination that the report did not contain statements producible pursuant to 18 U.S.C. § 3500 was not erroneous.

Defendant's last objection is to an instruction given by the trial court concerning the inference of knowledge which the jury could draw from the possession of recently stolen property. Defendant apparently contends that the evidence was insufficient to warrant this instruction. See *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). This Court concludes that the evidence supported the giving of such an instruction and also approves the instruction given. *Sewell v. United States*, 406 F.2d 1289 (8th Cir. 1969).

Affirmed.