UNITED STATES of America, Plaintiff,

v.

**Rex Dwaine LAYTON, Defendant.**

No. CR 83–44–PA.

United States District Court,
D. Oregon.

May 27, 1983.

Charles H. Turner, U.S. Atty., James J. McLaughlin, Asst. U.S. Atty., Portland, Or., for U.S.

Kenneth Lerner, Federal Defender, Inc., Portland, Or., for defendant.

## OPINION AND ORDER

PANNER, District Judge.

Defendant, Rex Dwaine Layton, charged with bank robbery, brings a pretrial discovery motion. He seeks the original handwritten notes or memoranda of any government agent which contain or refer to any statements, admissions, confessions, or other utterances made by the defendant or to any statements made by a witness who may be called to trial in this matter, whether or not the original notes have been included in a subsequent written report. The government opposes the motion. I heard oral argument and ordered the notes submitted to me *in camera*. I GRANT the motion as to the defendant's statements and DENY the motion as to the balance of the notes.

Defendant has not specified on what ground he seeks discovery. At oral argument he cited *United States v. Harris,* 543 F.2d 1247 (9th Cir.1976).

There are three avenues available to a defendant to discover a government agent's rough notes: (1) the Jencks Act, (2) Fed.R. Crim.P. 16, and (3) *Brady v. Maryland. See United States v. Harrison,* 524 F.2d 421, 429 (D.C.Cir.1975). The notes must be considered as the possible statement of an interviewee-witness, the agent, or the defendant.

### I.

### JENCKS ACT

The Jencks Act, 18 U.S.C. § 3500, provides in part:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified . . . .

. . . .

(e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

(1) a written statement made by said witness and signed or otherwise adopted or approved by him; or

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement . . . .

*Id.;* as amended, Pub.L. No. 91–452; 84 Stat. 926 (1970).

A. *Interviewee-Witness.*

■ The Jencks Act prohibits the pretrial discovery of statements made by prospective government witnesses. *Harris, supra,* 543 F.2d at 1249; *Peek v. United States,* 321 F.2d 934, 940–41 (9th Cir.1963), *cert. denied,* 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964). *See also United States v. Spagnuolo,* 515 F.2d 818, 820 (9th Cir. 1975), *appeal after remand,* 549 F.2d 705 (1977) (Jencks Act prohibits court-ordered production of statements of government witnesses at pretrial suppression hearing); *United States v. Brown,* 425 F.2d 1172, 1174 (9th Cir.1970). If the witness testifies on direct examination at trial, however, the Act requires the government to produce any previously-made statement of the witness in its possession insofar as the statement relates to testimony at trial. *Harris, supra,* 543 F.2d at 1249. By its terms, the Act narrowly defines "statements" as writings signed or adopted by the witness and accounts which are "a substantially verbatim recital" of the witness' oral statements. *Id.;* 18 U.S.C. § 3500(e).

■ The court, rather than the government, must decide whether rough notes of an interview of a witness constitute a Jencks Act statement. To assure this, *Harris* requires that the original notes must be preserved. 543 F.2d at 1248. *See also Harrison, supra,* 524 F.2d at 430.

■ The Ninth Circuit ruled in *United States v. Bernard,* 623 F.2d 551 (9th Cir. 1979), that a government agent's destruction of his rough *surveillance* notes would not preclude him from testifying at trial. The court distinguished such notes from rough *interview* notes which "may well constitute a statement as defined in § 3500(e)." *Id.* at 558. The Seventh Circuit decided in *United States v. Consolidated Packaging Corp.,* 575 F.2d 117 (7th Cir.1978), that the government attorney's memoranda of an interview with the principal government witness need not be produced. Long-hand words and phrases that could not be characterized as a "substantially verbatim" recital did not constitute a statement as defined in § 3500(e)(2). *Id.* at 129. The District of Columbia Circuit held in *United States v. Fowler,* 608 F.2d 2 (D.C.Cir.1979), that the prosecutor's interview notes were not a Jencks Act statement. The notes were short, very cryptic, and set forth only a few references to scattered facts. The witness did not sign the notes and was not shown otherwise to have adopted or approved them. *Id.* at 6. The Ninth Circuit held in *United States v. Traylor,* 656 F.2d 1326, 1336 (9th Cir.1981) and *United States v. Goldberg,* 582 F.2d 483, 487–88 (9th Cir. 1978), *cert. denied,* 440 U.S. 973, 99 S.Ct. 1538, 59 L.Ed.2d 790 (1979), that notes of government lawyers made during an interview of a witness, which were not read back to or adopted by the witness, were not Jencks Act.

On the other hand, notes made by a federal agent were discoverable where the agent in effect read back the notes to the witness and got oral approval of them. *Campbell v. United States,* 373 U.S. 487, 492, 83 S.Ct. 1356, 1360, 10 L.Ed.2d 501 (1963).

In summary, witness statements are producible at trial under the Jencks Act if they are signed or otherwise adopted or approved by the witness, *United States v. Larson,* 555 F.2d 673, 676–77 (8th Cir.1977) (citations omitted); *United States v. Wolfson,* 322 F.Supp. 798, 817 (D.Del.1971), *aff'd,* 454 F.2d 60 (3rd Cir.), *cert. denied,* 406 U.S. 924, 92 S.Ct. 1792, 32 L.Ed.2d 124 (1972), or if they are "a substantially verbatim recit-

al" of the witness' oral statements. *Harris, supra,* 543 F.2d at 1249.

### B. *Agent.*

■ If a government agent takes notes which he adopts or approves and if he is called as a witness, the Jencks Act applies and the notes are producible at trial. *United States v. Johnson,* 521 F.2d 1318, 1320 (9th Cir.1975). *But cf. United States v. Bagnariol,* 665 F.2d 877, 889–90 (9th Cir. 1981), *cert. denied,* 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982); *United States v. Kaiser,* 660 F.2d 724, 731–32 (9th Cir. 1981), *cert. denied,* 455 U.S. 956, 102 S.Ct. 1467, 71 L.Ed.2d 674 and 457 U.S. 1121, 102 S.Ct. 2935, 73 L.Ed.2d 1333 (1982).

In the *Johnson* case the trial court required production of a case report submitted by the arresting Drug Enforcement Administration agent but not his handwritten notes of the arrest and interview of the defendant. The trial court held that provision of the agent's case report was enough to satisfy the requirements of the Jencks Act, and did not inspect the notes *in camera* or otherwise. The Ninth Circuit vacated the conviction and remanded for a hearing as to whether the agent's handwritten notes should be characterized as a "statement" for purposes of the Act. 521 F.2d at 1320. As will be discussed *infra,* such notes may well be producible before trial under Fed.R. Crim.P. 16, without reference to the Jencks Act requirements for production at trial.

### C. *Defendant.*

■ The Jencks Act and its delayed discovery provisions do not apply to statements of a defendant. *United States v. Salsedo,* 477 F.Supp. 1235, 1238–39 (E.D.Cal. 1979), *vacated on other grounds,* 622 F.2d 465 (9th Cir.1980).[1] The *Salsedo* court cited *Harris, supra,* for the proposition that "[i]n this circuit the notes of law enforcement officers concerning a defendant's statements are themselves discoverable if the statement is discoverable." *Id.* Finding the defendant's statement discoverable, the

court held that the notes must be produced. *Id.* at 1239.

The statute's language supports the *Salsedo* court's decision. *See* 18 U.S.C. § 3500(a) ("no statement ... made by a Government witness ... (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified ...."). In addition, some of the policy reasons for delaying discovery of a potential government witness' statement do not apply to statements of a defendant.

When a person is attempting to discover his own statements, some of the reasons for not allowing discovery are eliminated. There is no danger to government informants; there is no fishing expedition; there is no unfairness in giving the defendant the right to discovery (a right not available to the government because of the Fifth Amendment), when the information sought to be discovered has been obtained by the government with the defendant's cooperation. *See* Kaufman, Criminal Discovery and Inspection of Defendant's Own Statements in the Federal Courts, 57 Colum.L.R. 1113 (1957).

*Loux v. United States,* 389 F.2d 911, 922 (9th Cir.), *cert. denied,* 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 and 393 U.S. 869, 89 S.Ct. 156, 21 L.Ed.2d 138 (1968).

### D. *Summary.*

It has been observed that a Jencks Act request for notes or statements of a government witness is "wholly inappropriate" in a pretrial motion for discovery. *United States v. Harris,* 458 F.2d 670, 679 (5th Cir.), *cert. denied,* 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972). *See also United States v. Wilkerson,* 456 F.2d 57, 61 (6th Cir.), *cert. denied,* 408 U.S. 926, 92 S.Ct. 2507, 33 L.Ed.2d 337 (1972). For the reasons stated above, however, I agree with the *Salsedo* court that the Jencks Act does not bar pretrial discovery of a government agent's rough notes of his interview with an accused.

---

1. The court held that even if for some reason the Act does apply, the restrictive definition of "statement" in § 3500(e) applies only to statements of a witness called by the government and thus does not answer the question as to what constitutes a "statement" of a defendant.

The Jencks Act, however, does not *require* pretrial production of an agent's interview notes with an accused, and only requires production at trial if the notes meet the statutory requirements. 18 U.S.C. § 3500. Pretrial production is left to the sound discretion of the trial judge under Fed.R.Crim.P. 16(a). *Loux, supra,* 389 F.2d at 922.

## II.

## FED.R.CRIM.P. 16

The Rule provides in pertinent part:

Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged . . . .

Fed.R.Crim.P. 16(a)(1)(A).

■ *United States v. Crisona,* 416 F.2d 107 (2d Cir.1969), *cert. denied,* 397 U.S. 961, 90 S.Ct. 993, 25 L.Ed.2d 253 (1970), points out that the language of amended Rule 16(a) is in contrast to the limited definition of "statement" in the Jencks Act, and that the Notes of the Advisory Committee indicate that the rule as amended was intended to apply even to pre-arrest statements made by a defendant during the course of his crime; the amendment was meant to significantly broaden the scope of a defendant's right to discovery. *Id.* at 114–15.

Professor Moore makes the same point:

The word "statements" as used in Subdivision (a)(1)(A) is nowhere defined in the Rule. The 1975 Committee Note states that "subdivision (a)(1)(A) leaves the matter of the meaning of the term unresolved and thus left for development on a case-by-case basis." . . . If interpretive aid is needed, resort should be had to common usage of the term "statements" in criminal practice, which applies broadly to almost any material elicited from the defendant, written or oral, inculpatory or exculpatory.

8 Moore's Federal Practice ¶ 16.05[1] at 16–70 to –72 (1982) (footnotes omitted).

*United States v. Egan,* 501 F.Supp. 1252, 1264 (S.D.N.Y.1980), held that defendants were entitled under Rule 16(a)(1)(A) to disclosure from the government of any statements made by them as well as copies of any rough notes made by a government agent concerning such statements. Other courts have been equally liberal. *United States v. Lewis,* 511 F.2d 798, 801–03 (D.C. Cir.1975), held that whether statements made by a defendant at the time of his arrest are written down by a police officer and given to the prosecutor, or given orally to the prosecutor by the police officer, they should be disclosed to the defendant upon proper request. In *United States v. Fallen,* 498 F.2d 172 (8th Cir.1974), the court stated:

Defendant's oral statements made to the agents prior to and at the time of the sales may constitute relevant statements under Rule 16(a)(1). Barring some showing of possible harmful effects flowing from disclosure, these statements should have been produced pursuant to the pretrial motion.

*Id.* at 174. The court said that if the government felt the agents' written summaries of their recollection of conversations with defendant were not statements of the defendant within the purview of the rule, the proper approach was to reveal to the trial court which statements the government had, thus giving the court an opportunity to exercise its discretion. *Id.* In *United States v. Jefferson,* 445 F.2d 247 (D.C. Cir.1971), a police officer's handwritten notes at the bottom of a typewritten police report concerning a robbery listed names and telephone numbers of witnesses and dates indicating when the officer inter-

viewed them. The court held the notes constituted records of parts of the defendant's statement to the officer concerning his alibi and should have been furnished to the defendant in response to his request. *Id.* at 250. *See also United States v. Johnson,* 525 F.2d 999, 1003–04 (2d Cir.1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1127, 47 L.Ed.2d 327 (1976); *Barnard v. United States,* 342 F.2d 309, 320 (9th Cir.), *cert. denied,* 382 U.S. 948, 86 S.Ct. 403, 15 L.Ed.2d 356 (1965); *Loux, supra,* 389 F.2d at 922. *But cf. United States v. Fioravanti,* 412 F.2d 407, 411 n. 12 (3rd Cir.), *cert. denied,* 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969) (holding trial court did not err when it refused to order pretrial production of FBI agent's notes of conversation between agent and defendant, where notes were given to defendant at trial); *Kaplan v. United States,* 375 F.2d 895, 900 (9th Cir.), *cert. denied,* 389 U.S. 839, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967) (where government summaries of defendants' statements given before trial were not offered in evidence or used at trial in any way, denial of defendants' motion to have government summaries produced was not error).

The Ninth Circuit has recently spoken on this very issue and left no doubt as to the approach which should guide trial courts and the government:

> We believe the Government should disclose any statement made by the defendant that may be relevant to any possible defense or contention that the defendant might assert. Ordinarily, a statement made by the defendant during the course of the investigation of the crime charged should be presumed to be subject to disclosure, unless it is clear that the statement cannot be relevant. Where the Government is in doubt, the written or recorded statement should be disclosed, if a proper request is made.
>
> The burden imposed on the Government by Rule 16 is a reasonable one. Rule 16(a)(1)(A) requires disclosure of a narrow category of evidence relating to matters already within the defendant's knowledge. Since the defendant was a party to the statement, he is aware of its contents. The principal fact that is re-

vealed to the defendant by the disclosure of the statement is that the Government is also. In any event, the Government may, where necessary, obtain an ex parte protective order upon a proper showing under Rule 16(d).

*United States v. Bailleaux,* 685 F.2d 1105, 1114 (9th Cir.1982). *But cf. United States v. Griffin,* 659 F.2d 932, 939–41 (9th Cir. 1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2019, 72 L.Ed.2d 473 (1982).

I have reviewed the disputed notes in light of the authorities discussed and conclude that the defendant's statements and any notes taken by the agents in their interview of the defendant should be produced.

## III.

### BRADY v. MARYLAND

▮ *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Bernard, supra,* 623 F.2d at 556. The Ninth Circuit has held that Jencks Act material may also implicate the *Brady* rule. *Griffin, supra,* 659 F.2d at 939. In *United States v. Leichtfuss,* 331 F.Supp. 723 (N.D.Ill.1971), the court noted that if there were notes taken at the time of, or in any way related to, interviews of witnesses or potential witnesses, by government agents, and if they constituted Jencks Act statements they would be producible at trial. If the notes constituted evidence favorable to the accused, however, the government would be obligated to produce them before trial. *Id.* at 735.

My own review of the disputed notes does not reveal evidence favorable to the accused. The government is reminded, however, of its continuing responsibilities under *Brady.*

## CONCLUSION

Defendant's motion for pretrial discovery is GRANTED as to defendant's statements (Item # 3) and DENIED as to notes of interviews of potential witnesses (Item # 5).

IT IS SO ORDERED.